**THE DAUNTLESS.**

(District Court, S. D. Florida. November 19, 1925.)

No. 1756.

Customs duties ⬯130—Circumstances held to call for decree of forfeiture for permitting unloading before reaching proper place.

Under circumstances in evidence, no testimony having been adduced by claimant, *held*, decree of forfeiture ought to be entered against vessel, under Tariff Act 1922, § 586 (Comp. St. Ann. Supp. 1923, § 5841h5), on charge of master's permitting unloading of part of cargo before reaching proper place and obtaining permit.

Forfeiture Libel. Proceeding by the United States against the gas screw Dauntless, V-211752, for alleged violations of the Tariff Act. Forfeiture decreed.

Francis L. Poor and R. A. Hubler, Asst. U. S. Attys., both of Jacksonville, Fla.

Bart A. Riley, of Miami, Fla., for claimant.

CALL, District Judge. In this cause the libel charges three violations of the Tariff Act of 1922 (42 Stat. 858), by one Albury, the master of the boat: (1) That he did not, within 24 hours of his arrival from a foreign port, report his arrival to the custom house, as required by section 433 of the Act (Comp. St. Ann. Supp. 1923, § 5841e2); (2) that he did not, within 48 hours after his arrival from a foreign port, make formal entry in the custom house, as required by section 434 of said act (Comp. St. Ann. Supp. 1923, § 5841e3); (3) that he permitted the unloading of a part of the cargo before reaching the proper place of unloading, and before a permit to unload had issued to him, as required by section 586 of the act (Comp. St. Ann. Supp. 1923, § 5841h5).

In each of these sections it is provided that the master is subject to a certain penalty, and section 586, in addition to the penalty, provides that "such vessel and the merchandise shall be subject to seizure and forfeiture." Section 594 of the act (Comp. St. Ann. Supp. 1923, § 5841h14) makes the vessel responsible for the penalties.

I have gone carefully over the testimony in this case, and can find not a scintilla of evidence supporting the first two charges in the libel. There is not a word of testimony as to who was master, or when the boat arrived, and the only testimony looking to the proof that she arrived from a foreign port is found in the testimony of one of the witnesses that the liquor found on board bore foreign labels. There is some proof that a portion of the cargo was unloaded at the foot of a street in Miami, Fla., at night, and in a clandestine manner, and that persons were seen to leave the boat after the arrival of the police and before the arrival of the customs officers. This may be sufficient to declare a forfeiture of the boat under section 586 of the act; but I have some doubts on this point, in the absence of any proofs as to who was master, when the libel makes the specific charge.

However, under the circumstances shown by the evidence, no testimony having been adduced by the claimant, I feel that a decree of forfeiture ought to be entered under the charge of violation of section 586 of the Tariff Act of 1922, and it will be so decreed.